# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE KNIGHT,<br><br>    Petitioner,<br><br>    v.<br><br>PAUL COPENHAVER, Warden,<br><br>    Respondent. | Case No. 1:13-cv-01728-AWI-SAB-HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. He challenges his September 7, 2000, conviction and sentence in the United States District Court for the Eastern District of Pennsylvania. It appears Petitioner appealed to the Third Circuit Court of Appeals but the appeal was denied.

Petitioner states he filed a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the sentencing court on September 24, 2002. The motion was denied on November 1, 2002. Petitioner states he sought authorization to file a second or successive motion pursuant to § 2255 in the Third Circuit, but the motion was denied on August 7, 2005.

Petitioner filed the instant petition for writ of habeas corpus on October 28, 2013. He presents the following grounds for relief: (1) He claims he was denied his right to present a defense; (2) He claims the sentencing court misapplied the sentencing guidelines; (3) He alleges he was denied the effective assistance of counsel; and (4) He argues that the failure to calculate the correct sentencing range constituted error which violated the Ex Post Facto Clause.

## II.

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (per curiam); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."

Stephens, 464 F.3d at 897 (citations omitted).

Nevertheless, an exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 59 (9th Cir.) (as amended), *cert. denied*, 540 U.S. 1051 (2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956).

The Ninth Circuit has acknowledged that "[other] circuits, however, have held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner claims to be: (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an 'unobstructed procedural shot' at presenting this claim." Ivy, 328 F.3d at 1059-60 (citing Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000)); see also Stephens, 464 F.3d at 898. In explaining that standard, the Ninth Circuit stated:

> In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He *must never have had the opportunity* to raise it by motion.

Ivy, 328 F.3d at 1060 (Emphasis supplied). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963).

In this case, Petitioner raises four claims challenging the validity and constitutionality of his conviction and sentence imposed by the United States District Court for the Eastern District of Pennsylvania. Clearly, the proper avenue of relief is a motion filed pursuant to § 2255 in the Eastern District of Pennsylvania, not a habeas petition in this Court.

3

1    Petitioner appears to claim, however, that § 2255 is inadequate and ineffective, because
2 he has already filed a § 2255 motion and that motion has been denied.  However, a court's denial
3 of a prior § 2255 motion is insufficient to render § 2255 inadequate.  See Aronson, 85 at 5.
4 Petitioner must show that he is factually innocent of the crime for which he has been convicted,
5 and that he has never had an "unobstructed procedural shot" at presenting his claims. Ivy, 328
6 F.3d at 1059-60.  Petitioner fails to meet either prong.  He fails to show that the bases for his
7 claims concerning his right to present a defense, ineffective assistance of counsel, and ex post
8 facto violation were not available at the time of trial, appeal, the motion to vacate, or the
9 application to file a second § 2255 motion.  There is no reason to believe they were not available
10 on those occasions.  Thus, as to those three claims, Petitioner fails to demonstrate he did not have
11 an unobstructed procedural opportunity to present them.

12    With respect to his claim concerning the misapplication of sentencing guidelines,
13 Petitioner cites to United States v. Cespedes, 663 F.3d 685 (3d Cir.2011).  In Cespedes, the Third
14 Circuit overturned a district court's application of an enhancement in U.S.S.G. § 3C1.2 for
15 "recklessly creating a substantial risk of death or serious bodily injury to another person in the
16 course of fleeing from a law enforcement officer." Id. at 689.  The Third Circuit explained that
17 an exception existed with respect to the application of § 1B1.3(a)(1)(B)'s reasonable
18 foreseeability test. Id.  It held that "in the case of a defendant who was a passenger during a
19 flight from police, a district court 'must specify in the record its reasons for holding [that
20 defendant] responsible for the driver's conduct.'" Id. at 690 (citing United States v. Wilfong, 475
21 F.3d 1214, 1220 (10th Cir.2007) (alteration in original) (quoting United States v. Young, 33 F.3d
22 31, 33 (9th Cir.1994)).  It appears Petitioner seeks to pass through the savings clause by claiming
23 this development in the law was not available until after his first § 2255 motion was denied.
24 However, although Cepedes was not decided until 2011, the argument was available during trial
25 and in any of the proceedings thereafter.  As set forth in Cespedes, the exception was already the
26 rule in other circuits that had considered the argument.  See United States v. Cook, 181 F.3d
27 1232, 1235 (11th Cir.1999); United States v. Conley, 131 F.3d 1387, 1390–91 (10th Cir.1997);
28 United States v. Lipsey, 62 F.3d 1134, 1136–37 (9th Cir.1995); United States v. Young, 33 F.3d

31, 33 (9th Cir.1994). In fact, it appears from the records submitted that defense counsel did raise the argument to the sentencing court, but the sentencing court rejected the argument based on controlling circuit law. Furthermore, Petitioner does not state that he has sought authorization to present the argument to the sentencing court or the appellate court since Cespedes was issued. It is entirely possible those avenues for relief are available to him. Therefore, Petitioner does not meet the second prong of the savings clause.

Additionally, Petitioner has failed to demonstrate that his claims qualify under the savings clause of Section 2255 because Petitioner's claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). "[A]ctual innocence means factual innocence, not mere legal insufficiency." Id.

Here, Petitioner is not asserting his actual innocence of the underlying crime; rather, he is challenging the enhancements made to his sentence. Petitioner, however, must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed. See Ivy, 328 F.3d at 1060; Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction"); Franks v. Banks, 2011 WL 3477096, *3 (C.D.Cal. July 15, 2011) ("While the Ninth Circuit has not directly addressed this issue, every circuit that has done so has concluded that the savings clause embedded in § 2255(e) requires a claim of actual innocence directed to the underlying conviction, not merely the sentence") (citing cases from the Second, Third, Fifth, Sixth, and Seventh Circuits); Edwards v. Daniels, 2006 WL 3877525, *7 (D.Or.2006) ("Petitioner's assertion that he is actually innocent of a portion of his sentence does not qualify him for the 'escape hatch' of § 2255 because he must allege that he is 'legally innocent of the crime for which he has been convicted,' not the sentence imposed.").

In summary, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, Section 2241 is not the proper statute for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

## III.

## RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED:

1. The petition for writ of habeas corpus be DISMISSED WITH PREJUDICE; and

2. The Clerk of Court be DIRECTED to enter judgment, terminating this action.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 18, 2013**

UNITED STATES MAGISTRATE JUDGE